UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

THEODORE AGUIRRE,
        Petitioner,

v.                                                       Civil Action No.  17-10193-JCB

WARDEN JEFFREY GRONDOLSKY,
        Respondent.

MEMORANDUM AND ORDER

BOAL, C..M.J.

      On February 1, 2017, petitioner Theodore Aguirre ("Aguirre"), a prisoner at FMC Devens, filed a *pro se* habeas petition pursuant to 28 U.S.C. § 2241, presumably under the auspices of the savings clause of 28 U.S.C. § 2255.  Aguirre challenges his enhanced criminal sentence imposed pursuant to the residual clause of the Armed Career Criminal Act in United States v. Aguirre, Criminal No. 10-10365-JLT as violative of his due process rights, in light of Johnson v. United States, 135 S. Ct. 2551 (2015).

      Aguirre failed to pay the $5.00 filing fee for habeas petitions and did not seek a waiver thereof.

DISCUSSION

I.      The Filing Fee

      A party filing a habeas action in this Court must either (1) pay the $5.00 filing fee for habeas corpus actions; or (2) seek leave to proceed without prepayment of the filing fee.  See 28 U.S.C. § 1914(a) (fees); 28 U.S.C. § 1915 (proceedings *in forma pauperis*).  The motion for leave to proceed without prepayment of the filing fee must be accompanied by "a certificate from the warden or other appropriate officer of the place of confinement showing the amount of money or securities that the petitioner has in any account in the institution."  Rule 3(a)(2) of the Rules Governing Section 2254 Cases.[1]

---

[1] The rules governing petitions brought pursuant to 28 U.S.C. § 2254 cases may be applied at the discretion of the district court to other habeas petitions.  See Rule 1(b) of the Rules Governing Section 2254 Cases.

Accordingly, within 21 days of the date of this Memorandum and Order, Aguirre either shall pay the $5.00 filing fee or file a Motion for Leave to Proceed *in forma pauperis* providing complete financial disclosures demonstrating that he cannot afford to pay the filing fee.  He also shall submit his certified prison account statement.  Failure to comply with this directive may result in a dismissal of this action.

II.     Application of the Savings Clause of Section 2255

As a threshold matter, the issue arises whether this Court has jurisdiction over Aguirre's § 2241 petition through the invocation of the savings clause of 28 U.S.C. § 2255.  Aguirre previously filed a § 2255 motion and does not appear to have sought permission from the United States Court of Appeals for the First Circuit ("First Circuit") to file a second or successive § 2255 motion based on Johnson.  A court of appeals will certify a second or successive § 2255 motion if its challenge is based on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."  28 U.S.C. § 2255(h)(2).  It appears that Aguirre missed the short window of opportunity to seek permission from the First Circuit since the Supreme Court pronounced in Welch v. United States, 136 S. Ct. 1257 (April 18, 2016) that Johnson announced a substantive rule of law that applied retroactively on collateral review.  Nevertheless, on the record in this case, the Court cannot make any final determination that § 2241 relief is foreclosed.  Accordingly, this Court will permit this action to proceed as set forth below.

III.    General Order 15-1 Shall Issue

In cases raising Johnson challenges, this Court has promulgated General Order 15-1 appointing the Federal Public Defender to screen a case raised in a § 2255 motion or habeas petition and to take certain actions.  Thus, notwithstanding the unresolved filing fee issue, the Court will direct the clerk to enter the General Order and appoint the Federal Public Defender in this case.

IV.	Service of the Consent Package

Finally, this action was assigned pursuant to General Order (10-1) dated February 2, 2010, authorizing the assignment of civil cases to the magistrate judges sitting in Boston.  The issue whether the parties in this case all consent to proceed before a magistrate judge pursuant to 28 U.S.C. § 636© and Rule 73(b) of the Federal Rules of Civil Procedure is deferred pending further order of the Court.  The clerk shall send a copy of the habeas petition and the standard consent packages to the Federal Public Defender, the respondent, Warden Grondolsky, and William D. Weinreb, the Acting United States Attorney for the District of Massachusetts along with this Memorandum and Order.  The clerk also shall send a copy of this Memorandum and Order to the U.S. Probation Office for the District of Massachusetts.

## CONCLUSION

Based on the foregoing, it is hereby Ordered that:

1. Within 21 days of the date of this Memorandum and Order, petitioner shall pay the $5.00 filing fee for habeas petitions or file a Motion for Leave to Proceed *in forma pauperis* along with his certified prison accounting statement demonstrating he lacks funds to pay the $5.00 fee;

2. The Court will construe this § 2241 habeas action as filed pursuant to the savings clause of 28 U.S.C. § 2255;

3. The Clerk shall issue General Order 15–1 and appoint the Federal Public Defender under the parameters of the General Order;

4. The Clerk shall send the Consent package to the Federal Defender, the respondent, Warden Grondolsky, and William D. Weinreb, the Acting United States Attorney for the District of Massachusetts; and

5. A copy of this Memorandum and Order shall be sent to the U.S. Probation Office for the District of Massachusetts.

SO ORDERED.

	/s/ Jennifer C. Boal
	JENNIFER C. BOAL
	CHIEF, UNITED STATES MAGISTRATE JUDGE

DATED: March 6, 2017